UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAYMOND MURDOUCH,

                    Plaintiff,

          v.

VIA TRANSPORTATION INC. et al.,

                    Defendants.

CASE NO. 3:25-cv-05925-DGE

ORDER GRANTING MOTION TO COMPEL ARBITRATION (DKT. NO. 16)

Before the Court is Defendant Via Transportation, Inc., including its subsidiary Nomad Transit LLC (collectively "Via") and Defendant Pierce Transit's motion to compel arbitration. (Dkt. No. 16.)  For the foregoing reasons, the motion is GRANTED.

**I      BACKGROUND**

On October 15, 2025, Plaintiff filed this lawsuit against Via, Pierce Transit, and Avis Budget Group, Inc., including its subsidiary Zipcar, Inc. (collectively "Avis")  (Dkt. No. 1.) Plaintiff asserted claims for retaliation, wrongful termination in violation of public policy, disability discrimination, failure to accommodate, negligence, negligence per se, unfair/deceptive

ORDER GRANTING MOTION TO COMPEL ARBITRATION (DKT. NO. 16) - 1

acts and practices, misuse of public funds, and defamation, stemming from his employment with Via on the Pierce Transit Runner program.  (Dkt. No. 1 at 2–3.)

In support of its motion to compel, Via and Pierce Transit state that on March 25, 2024, Plaintiff executed an Independent Contractor Agreement, which included the terms and conditions of his contractual work with Nomad Transit LLC and on the Pierce Transit project.  (Dkt. No. 16 at 2–3.)  The Independent Contractor Agreement, which is attached to a declaration in support of the motion to compel arbitration, also contained an arbitration agreement.  (*Id.* at 3; Dkt. No. 17-1.)  The terms of the arbitration agreement state,

> You and the Company agree that, except as expressly provided in Subsection (b) ("Limited Exceptions to Arbitration"), any and all disputes, claims, or disagreements, whether past, present, or future, which arise out of or relate in any way to (i) this Agreement and this Arbitration Agreement and any of their respective prior versions (including the existence, breach, termination, enforcement, interpretation, scope, waiver, or validity of the Agreement and the Arbitration Agreement), (ii) the Transportation Services (including any incidents or accidents in connection with such services), (iii) your access to or use of the Via Platform or any other tools or services provided by the Company, (iv) transactions involving you and the Company or payments by and to the Company (including claims regarding compensation or benefits), (v) your relationship with the Company, (vi) any communications, including marketing communications, drafted or distributed by the Company or by any third party on its behalf, and (vii) any other dispute with the Company ("**Claims**"), shall be resolved exclusively through binding arbitration between you and the Company, and not by any federal, state, or local court, jury trial, or agency.

(Dkt. No. 17-1 at 12.)

In their motion, Via and Pierce Transit argue Plaintiff's claims against them cannot continue in this forum because the Independent Contractor Agreement underlying this dispute includes a valid and enforceable arbitration agreement, and Plaintiff's claims fall within the scope of the agreement.  (Dkt. No. 16 at 9–15.)  In response, Plaintiff asserts the arbitration agreement does not apply because the agreement "expressly excludes [his] claims."  (Dkt. No. 19 at 1.)

ORDER GRANTING MOTION TO COMPEL ARBITRATION (DKT. NO. 16) - 2

## II    LEGAL STANDARD

The Federal Arbitration Act ("FAA") applies to contracts "evidencing a transaction involving commerce."  9 U.S.C. § 2; *Brennan v. Opus Bank*, 796 F.3d 1125, 1129 (9th Cir. 2015).  In considering a motion to compel arbitration, the "court's role under the [FAA] is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).[1]  These gateway issues, however, "can be expressly delegated to the arbitrator where 'the parties *clearly and unmistakably* provide otherwise.'" *Brennan*, 796 F.3d at 1130 (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)).

The party seeking to compel arbitration under the FAA bears the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence.  *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015); *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014).  "Arbitration is a matter of contract, and the FAA requires courts to honor parties' expectations." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 351 (2011).  Accordingly, when deciding whether the parties agreed to arbitrate a certain claim (including arbitrability), courts generally should "apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).  But "[c]ourts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakabl[e]' evidence that they did so." *Id.* (quoting *AT&T Tech.*, 475 U.S. at

---

[1] Section 4 of the FAA provides a judicial remedy where a party seeks to compel arbitration. *See* 9 U.S.C. § 4.  Under Section 4, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction . . . of the subject matter of a suit arising out of the controversy between the parties," for an order compelling arbitration. *Id.*

ORDER GRANTING MOTION TO COMPEL ARBITRATION (DKT. NO. 16) - 3

649.  Likewise, "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements." *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996).  "Any doubts about the scope of arbitrable issues, including applicable contract defenses, are to be resolved in favor of arbitration." *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1022 (9th Cir. 2016).[2]

### III    DISCUSSION

"First, a court must resolve any challenge that an agreement to arbitrate was never formed, even in the presence of a delegation clause." *Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1030 (9th Cir. 2022).  However, the Court has no reason to believe the arbitration agreement is invalid or unenforceable in this context.  The Ninth Circuit and Supreme Court have "clearly stated" that the question of whether an arbitration agreement encompasses a dispute receives a "presumption of validity." *Branion v. Wallace*, No. 2:16-cv-07992-SVW-JC, 2017 WL 11633674, at *7 (C.D. Cal. Jan. 18, 2017) (citing *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1044 (9th Cir. 2009) (citation omitted)).  Plaintiff does not dispute that he voluntarily entered into the Independent Contractor Agreement, nor does he dispute that the contract he signed included an arbitration provision.  (*See* Dkt. No. 19.)

Instead, Plaintiff argues that his claims fall within the express exceptions to the arbitration agreement.  (*Id.* at 1.)  The "Limited Exceptions to Arbitration" clause states:

---

[2] Similarly, Washington's Uniform Arbitration Act ("UAA") provides:

> On motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement . . . [i]f the refusing party opposes the motion, the court shall proceed summarily to decide the issue.  Unless the court finds that there is no enforceable agreement to arbitrate, it shall order the parties to arbitrate.  If the court finds that there is no enforceable agreement, it may not order the parties to arbitrate.

Wash. Rev. Code § 7.04A.070.

ORDER GRANTING MOTION TO COMPEL ARBITRATION (DKT. NO. 16) - 4

Notwithstanding Subsection (a) ("Mutual Agreement to Binding Arbitration") and without waiving the enforceability of the Arbitration Agreement as to any other Claim or to the class and representative action waivers in Subsection (j) ("Class and Coordinated Action Waiver"), **each party retains the right to**: (i) resolve a Claim in small claims court, so long as it is within that court's jurisdiction, the Claim is adjudicated only on an individual basis and not on a class or collective action basis, and the Claim remains in that small claims court; (ii) seek injunctive or other equitable relief in court for infringement or other misuse of intellectual property rights (including patents, copyrights, moral rights, trademarks, and trade secrets or other confidential or proprietary information, but not privacy or publicity rights); or **(iii) raise individual claims of sexual assault or sexual harassment in a court of competent jurisdiction**. The claims listed in this Subsection as express exceptions to the requirement of binding arbitration must be brought and litigated in a court of competent jurisdiction by you on an individual basis only and not on a class or collective action basis.

(Dkt. No. 17-1 at 13) (emphasis added).  Plaintiff argues that because he was terminated "based on allegations labeled as sexual misconduct," his claims fall within the limited exceptions to the agreement.[3]  (Dkt. No. 19 at 1.)  As correctly pointed out by Via and Pierce Transit, Plaintiff has not alleged any claim of sexual assault or sexual harassment.  (Dkt. No. 22 at 3.)  Thus, his claims do not fall within the enumerated exceptions.  Plaintiff further argues that his allegations of statutory safety violations fall within the limited exceptions to the arbitration agreement.  (Dkt. No. 19 at 2.)  The Court is puzzled by Plaintiff's argument as the complaint does not allege any "statutory violations" and the "Limited Exceptions to Arbitration" clause does not identify any exception for statutory violations.  (*See* Dkt. No. 17-1 at 13.)

Additionally, while the general rule is that a district court decides whether a claim falls within the scope of an arbitration agreement, such questions 'can be expressly delegated to the

---

[3] Attached to Plaintiff's complaint is an email dated June 12, 2025 from "Team Via" notifying Plaintiff of his disaffiliation from the Via Platform "for violation of [Via's] zero tolerance policy with respect to indecent exposure by going to the bathroom at the lot in the open."  (Dkt. No. 1-2 at 2.)  The email continues, "Following our review, we have determined that you have engaged in behavior that violates Via's zero tolerance policies regarding sexual assault and sexual harassment." (*Id.*)

ORDER GRANTING MOTION TO COMPEL ARBITRATION (DKT. NO. 16) - 5

arbitrator where the [contracting] parties *clearly and unmistakably* provide otherwise.'" *Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 480 (9th Cir. 2024) (quoting *Brennan*, 796 F.3d at 1130). Such is the case here. The arbitration agreement states,

> Except as expressly provided in Subsection (b) ("Limited Exceptions to Arbitration") or Subsection (j) ("Class and Coordinated Action Waiver"), **the arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to (1) resolve any and all Claims, including disputes about the scope**, applicability, enforceability, revocability, unconscionability, voidability, or validity of this Arbitration Agreement . . . .

(Dkt. No. 17-1 at 15) (emphasis added). The Court concludes that any question about whether Plaintiff's claims fall within the scope of the arbitration agreement is delegated to the arbitrator.

## IV    CONCLUSION

Courts must "enforce [arbitration agreements] according to their terms." *AT&T Mobility*, 563 at 339. Defendants' motion to compel arbitration (Dkt. No. 16) is GRANTED. The Court STAYS the case as to Defendants Via and Pierce Transit accordingly. The Parties SHALL file a joint status report within 30 days after the arbitration is completed informing the Court whether it should dismiss Via and Pierce Transit as a defendant or reopen the case against Via and Pierce Transit based on the arbitration decision.

The Court is unclear what claims—if any—remain pending against Defendant Avis. While Avis has entered a notice of appearance (*see* Dkt. No. 4), it has not filed an answer or other responsive pleading. Plaintiff and Avis SHALL file a joint status report no later than **March 30, 2026** as to the status of any pending claims and their position on moving the case forward.

The Clerk is directed to calendar this event.

Dated this 18th day of March, 2026.

ORDER GRANTING MOTION TO COMPEL ARBITRATION (DKT. NO. 16) - 6

David G. Estudillo
United States District Judge

ORDER GRANTING MOTION TO COMPEL ARBITRATION (DKT. NO. 16) - 7