UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAYMOND MURDOUCH,

Plaintiff,

v.

VIA TRANSPORTATION INC. et al.,

Defendants.

CASE NO. 3:25-cv-05925-DGE

ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 24)

Before the Court is Plaintiff's motion for reconsideration (Dkt. No. 24) of the order granting Defendants Via Transportation, Inc., including its subsidiary Nomad Transit LLC (collectively "Via") and Pierce Transit's motion to compel arbitration (Dkt. No. 23).

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence.  LCR 7(h)(1).  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v.*

ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 24) - 1

*Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

First, Plaintiff contends the Court "overlooked the express contractual carve-out" in the Independent Contractor Agreement which permits claims involving allegations of sexual misconduct to be brought before a court.  (Dkt. No. 24 at 2.)  This is the same argument Plaintiff made in his response to the motion to compel arbitration (*see* Dkt. No. 19), and which the Court dismissed in its order granting the motion to compel arbitration (Dkt. No. 23 at 5).  This is not a basis for a motion for reconsideration.  *See Woulfe v. Universal City Studios LLC*, No. 22-cv-459, 2023 WL 3321752, at *1 (C.D. Cal., Mar. 9, 2023) ("A court should not experience déjà vu when reviewing a motion for reconsideration.").

Second, Plaintiff argues Defendants Avis Budget Group, Inc. ("Avis") and Pierce Transit are not parties to the arbitration agreement.  (Dkt. No. 24 at 3.)  The Court agrees Avis is not a party to the arbitration agreement, which is why the case is not stayed against Avis.  In its order compelling arbitration, the Court stated it was not clear what claims remained pending against Avis and directed Plaintiff and Avis to file a joint status report no later than March 30, 2026 as to the status of any pending claims and their position on moving the case forward.  (Dkt. No. 23 at

ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 24) - 2

6.)  As to Pierce Transit,[1] the arbitration agreement stated the agreement "shall be binding upon and shall extend to any Claims brought by or against any third parties and third-party beneficiaries (including your spouses, heirs, and assigns).  The Company's service providers, including background check providers and payment processors, shall be considered intended third-party beneficiaries of this Arbitration Agreement[.]"  (Dkt. Nos. 16 at 5; 17-1 at 12.)  Furthermore, any question about whether Plaintiff's claims against Pierce Transit fall within the scope of the arbitration agreement is delegated to the arbitrator, per the arbitration agreement.  (Dkt. No. 17-1 at 15.)

Finally, Plaintiff argues his federal public safety claims "are not appropriate for private arbitration and warrant full judicial scrutiny."  (Dkt. No. 24 at 3.)  Plaintiff provides no authority in support of his argument.

Accordingly, Plaintiff has not established manifest error.  Plaintiff's motion for reconsideration (Dkt. No. 24) is DENIED.

Dated this 25th day of March, 2026.

David G. Estudillo
United States District Judge

---

[1] Plaintiff did not previously make this argument.  A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier.  *Kona Enters.,* 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir.1999)).

ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 24) - 3