UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAYMOND MURDOUCH,

               Plaintiff,

     v.

VIA TRANSPORTATION INC. et al.,

               Defendants.

CASE NO. 3:25-cv-05925-DGE

ORDER ON DEFENDANT AVIS BUDGET GROUP INC.'S MOTION TO DISMISS (DKT. NO. 28)

Before the Court is Defendant Avis Budget Group Inc.'s ("Avis") motion to dismiss (Dkt. No. 28) Plaintiff's complaint (Dkt. No. 1) for failure to state a claim. For the following reasons, the Court GRANTS Avis's motion.

## I     BACKGROUND

Plaintiff, proceeding *pro se*, filed his complaint on October 15, 2025.[1] (Dkt. No. 1.) He contends he previously worked with Via on the Pierce Transit Runner program, where drivers

---

[1] The complaint names Avis, Via Transportation, Inc.("Via") and Pierce Transit as defendants. (*See* Dkt. No. 1.) On March 18, 2026, the Court stayed the case as to Via and Pierce Transit. (*See* Dkt. No. 23.) Therefore, this Order will only address Plaintiff's claims against Avis.

ORDER ON DEFENDANT AVIS BUDGET GROUP INC.'S MOTION TO DISMISS (DKT. NO. 28) - 1

"were required to rent vans from Avis," which were "high mileage, in poor mechanical condition, and, on information and belief, some had outstanding safety recalls that had not been remedied before being placed into service for public transportation use." (*Id.* at 2.)  Plaintiff alleges that he and other drivers raised "repeated safety complaints to management," but "Defendants failed to correct the systemic safety issues and continued to require drivers to rent and operate the vehicles at full price." (*Id.*)  Plaintiff alleges he was terminated after raising concerns about vehicle safety and compliance.  (*Id.*)  Plaintiff asserts claims for retaliation, wrongful termination in violation of public policy, disability discrimination, failure to accommodate, negligence/negligence per se, unfair/deceptive acts and practices, misuse of public funds, and defamation.  (*Id.* at 2–3.)

On March 31, 2026, Avis filed a motion to dismiss.  (Dkt. No. 28.)  In its motion, Avis states only one cause of action—negligence/negligence per se—clearly relates to Avis.  (*Id.* at 2.)  Plaintiff seemingly concedes he is asserting only a negligence claim against Avis.  (*See* Dkt. No. 29 at 1.)  Thus, the Court will consider Plaintiff's negligence and negligence per se claim only.

## II    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v.*

ORDER ON DEFENDANT AVIS BUDGET GROUP INC.'S MOTION TO DISMISS (DKT. NO. 28) - 2

*Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) (internal citation omitted).

### III    DISCUSSION

A plaintiff must prove four basic elements in a negligence action: (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause. *Ranger Ins. Co. v. Pierce Cnty.*, 192 P.3d 886, 889 (Wash. 2008). Proximate cause contains two prongs: cause in fact and legal cause. *Adgar v. Dinsmore*, 530 P.3d 236, 244 (Wash. App. 2023). "[T]he cause in fact inquiry focuses on a 'but for' connection, [while] legal cause is grounded in policy determinations as to how far the consequences of a defendant's acts should extend." *Meyers v. Ferndale School Dist.*, 481 P.3d 1084, 1089 (Wash. 2021) (quoting *Schooley v. Pinch's Deli Mkt., Inc.*, 951 P.2d 749, 754 (Wash. 1998)).

Plaintiff contends Avis "owed duties of reasonable care to provide vehicles that were safe and compliant" and it breached those duties "[b]y placing into service vehicles with serious mechanical defects" and alleged outstanding safety recalls. (Dkt. No. 1 at 3.) Plaintiff further alleges that violation of "applicable federal recall laws/regulations" constitutes negligence per

ORDER ON DEFENDANT AVIS BUDGET GROUP INC.'S MOTION TO DISMISS (DKT. NO. 28) - 3

se.[2] (*Id.*)  Plaintiff states these "breaches foreseeably endangered drivers and passengers, and caused Plaintiff harm, including lost wages and emotional distress." (*Id.*)

Though Plaintiff alleges Avis owed him a duty of reasonable care and breached that duty by providing unsafe service vehicles, Plaintiff does not allege how Avis's alleged breach *caused* Plaintiff's harm.[3]  Furthermore, Plaintiff's harm—lost wages and emotional distress—seems to stem from his terminated employment with Via, which Avis was not involved with.  (*See* Dkt. No. 1 at 2–3.)  While the Court can liberally construe Plaintiff's complaint, it cannot supply an essential element that he failed to plead.  *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (holding that district courts must construe *pro se* pleadings liberally but may not "supply essential elements of claims that were not initially pled.").  Proximate cause is an essential element of an actionable negligence claim.  *Ehrhart v. King Cnty.*, 460 P.3d 612, 617 (Wash. 2020).  Because Plaintiff does not plead facts to support causation and injury as related to Avis's alleged breach, the Court DISMISSES his negligence claim with leave to amend.

## IV    CONCLUSION

For the foregoing reasons, Avis's motion to dismiss (Dkt. No. 28) is GRANTED. Plaintiff's negligence claim is DISMISSED without prejudice and with leave to amend.  Any

[2] Notably, since 1986 Washington has eliminated negligence per se for the violation of a regulation but allows the violation of a regulation to be considered as evidence of negligence. *See* Wash. Rev. Code § 5.40.050 ("A breach of a duty imposed by statute, ordinance, or administrative rule shall not be considered negligence per se, but may be considered by the trier of fact as evidence of negligence.").  While there are four enumerated exceptions to this rule, none apply here. *See id.*  Therefore, Plaintiff's negligence per se claim is DISMISSED.

[3] Plaintiff states in his reply brief that "[a]t lease one incident involving a vehicle defect contributed to a collision involving a passenger." (Dkt. No. 29 at 2.)  This fact is not alleged in the complaint; therefore, the Court does not consider it.  Furthermore, Plaintiff does not state whether *he* was involved in the collision.

amended complaint shall be filed **no later than May 26, 2026**.  If an amended complaint is not filed by May 26, 2026, the Court will close this matter.

The Clerk is directed to calendar this event.

Dated this 28th day of April, 2026.

David G. Estudillo
United States District Judge