UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAYMOND MURDOUCH,

          Plaintiff,

    v.

VIA TRANSPORTATION INC. et al.,

          Defendants.

CASE NO. 3:25-cv-05925-DGE

ORDER DENYING RECONSIDERATION (DKT. NO. 36)

Before the Court is Plaintiff's second motion for reconsideration (Dkt. No. 36) of the order granting Defendants Via Transportation, Inc., including its subsidiary Nomad Transit LLC (collectively "Via") and Pierce Transit's motion to compel arbitration (Dkt. No. 23).

A motion for reconsideration must "be filed within fourteen days after the order to which it relates is filed." LCR 7(h)(2). Failure to comply "may be grounds for denial." *Id.* Even if timely, motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. LCR 7(h)(1).

ORDER DENYING RECONSIDERATION (DKT. NO. 36) - 1

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation omitted). "'[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.,* 229 F.3d at 890.

Plaintiff's motion for reconsideration is untimely. Because the Court issued its order compelling arbitration on March 18, 2026, Plaintiff had until April 1, 2026 to seek reconsideration. Yet Plaintiff did not move for reconsideration until July 7, 2026. The Court may deny Plaintiff's motion solely on this basis.

Even if the Court sets aside Plaintiff's delay in moving for reconsideration, Plaintiff fails to show why the argument he now advances could not have been raised in the original briefing. Plaintiff argues he moves for reconsideration "in light of the United States Supreme Court's intervening decision" in *Flowers Foods, Inc. v. Brock*, 608 U.S. ---, 146 S. Ct. 1358 (2026). *Flowers Foods* reaffirms the parameters that encompass workers engaged in interstate commerce for purposes of § 1 of the Federal Arbitration Act ("FAA"); however, at no point in Plaintiff's briefing did he argue that he *fell within* § 1's exemption for class of workers engaged in interstate

ORDER DENYING RECONSIDERATION (DKT. NO. 36) - 2

commerce.[1]  (*See* Dkt. No. 19.)  Motions for reconsideration may not be used to present new arguments or evidence that could have been raised earlier.  *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (trial court did not abuse its discretion in denying motion for reconsideration because the moving party presented no arguments which the court had not already considered); *see also Sam v. Deutsche Bank Nat. Trust Co.*, Case No. 13-cv-01521-MO, 2013 WL 6817888, at *2 (D. Or. Dec. 23, 2013) (a party asking for reconsideration must show a "legitimate basis for reconsideration, meaning something other than re-raising arguments previously made or asserting new legal theories or new facts which could have been presented before the initial hearing").  Plaintiff attempts to assert a new legal theory which could have been presented in his initial briefing.

Therefore, Plaintiff's motion for reconsideration is DENIED.[2]

Dated this 8th day of July, 2026.

David G. Estudillo
United States District Judge

---

[1] Moreover, Plaintiff's present motion offers no analysis as to why *Flowers Food* is applicable to his claims; he offers no facts indicating he engaged in interstate commerce as part of his relationship with Defendants.

[2] Plaintiff also requests clarification concerning "the status of the remaining claims involving Avis Budget Group, Inc. and Zipcar, Inc., and whether Plaintiff should proceed immediately with initiating JAMS arbitration or await further direction from the Court."  (Dkt. No. 36 at 2.) Plaintiff has a pending complaint against Avis (*see* Dkt. No. 33), and may engage in arbitration with Via and Pierce Transit if he so chooses.